CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 15 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CINDY GALE COUNTESS, a.k.a. ) | |
| CINDY GAIL COUNTESS ) | |
| Petitioner, ) | Civil Action No. 7:07cv00055 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BARBARA J. WHEELER, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner, Cindy Gale Countess, filed this 28 U.S.C. § 2254 petition challenging the lawfulness of her confinement, claiming that there was insufficient evidence to convict her, that her sentence was unfair, and several grounds of ineffective assistance of counsel. This matter is before the court on respondent's motion to dismiss. The court finds that Countess' claims are procedurally defaulted. Accordingly, the court grants respondent's motion to dismiss.

I.

On April 28, 2004, the Circuit Court for the City of Roanoke found Countess guilty of second degree murder and sentenced her to 30 years incarceration and suspended 16 of those years. Countess appealed her conviction to the Court of Appeals of Virginia, alleging that the trial court erred by denying her motion for an ex parte hearing on her motion for appointment of an expert, by denying her motion to suppress inculpatory statements she made to police, by admitting into evidence impressions and DNA from her shoes, and by rejecting her defense of involuntary intoxication. The Court of Appeals denied her appeal, finding no error by the trial court. Countess appealed to the Supreme Court of Virginia which also denied her petition.

Countess then filed a habeas corpus petition in the Circuit Court for the City of Roanoke, claiming that: (a) witnesses committed perjury and she was not allowed sufficient time to refute this perjury; (b) trial counsel was ineffective in failing to clarify or attack the many inaccuracies in the

evidence adduced at trial; (c) she was not guilty of second degree murder by virtue of her involuntary intoxication at the time of the offense; and (d) the trial court erred by admitting into evidence impressions and DNA from her shoes. The Circuit Court for the City of Roanoke dismissed Countess's habeas petition finding that claim (a) was not cognizable on habeas review because she did not raise the claim in her direct appeal; claims (c) and (d) were not cognizable on habeas review because she raised them on direct appeal but they were resolved adversely to her; and claim (b) did not meet the two-prong test for ineffective assistance of counsel established in Strickland v. Washington, 466 U.S. 668 (1984).

In her instant § 2254 petition, Countess claims that counsel was ineffective on several grounds, including: (1) failing to explain to Countess the distinction between first and second degree murder; (2) failing to move to amend the charges against Countess to manslaughter; (3) "enter[ing] a proffer based solely on the defense of involuntary intoxication" without consulting with Countess; (4) failing to effectively argue that the chain of custody for the sneakers she was wearing during the crime was insufficient, and thus the resultant DNA tests were also insufficient; and (5) failing to successfully argue for a lighter sentence. Countess also claims that she was improperly charged with first degree murder and convicted of second degree murder because the Commonwealth could not prove malice, and that she was unfairly sentenced by the trial court judge

II.

Countess' instant claims were not properly exhausted because she has not presented them to any Virginia state court.[1] Moreover, they are procedurally defaulted in state court because she would

---

[1] A petitioner must present her federal claims to the appropriate state court in the manner required by the state court, so as to give the state courts "a meaningful opportunity to consider allegations of legal error." Vasquez v. Hillary, 474 U.S. 254, 257 (1986). Accordingly, those claims must be raised at every appellate level or must be specifically addressed by the state's highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (noting that merely presenting the claims to the state's highest court for discretionary review does not satisfy the exhaustion requirement). Although

2

now be barred from raising them in any state court, pursuant to Va. Code §§ 8.01-654(B)(2) (prohibiting the granting of any habeas petition based on allegation that could have been presented by the petitioner at the time of his previous petition) and 8.01-654(A)(2) (establishing that a state habeas action must be filed within two years of conviction or one year of the conclusion of direct appeal, whichever is later).[2] Consequently, her claims are now simultaneously exhausted and defaulted for the purpose of federal habeas review. Teague v. Lane, 489 U.S. 288. 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990).

However, a petitioner may obtain review of a defaulted claim by establishing cause for the default and prejudice from the failure to review that claim. Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Teague, 489 U.S. at 288; Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998). Countess argues that the court should excuse her default because she was prevented from raising the present claims based on her trial counsel's ineffective assistance. The court finds that Countess' conclusory allegation is insufficient to establish cause. Moreover, in order for ineffective assistance of counsel to serve as cause and prejudice, the petitioner must not have procedurally defaulted his underlying ineffective assistance claim. Edwards v. Carpenter, 529 U.S. 446, 453-54 (2000) (holding that ineffective assistance claims asserted as cause for procedural default of other claims are themselves subject to the procedural default rule). Because Countess has defaulted all of her claims of ineffective assistance, she may not now cite any other alleged instance of ineffective assistance as cause and prejudice capable of excusing her default. Accordingly, the court finds that

---

Countess did file direct appeals through to the Virginia Supreme Court and she did file a state habeas proceeding in the Circuit Court for the City of Roanoke, she did not raise any of the instant claims in any state court. Therefore the claims were not properly presented to the state court and are thus, barred from federal habeas review.

[2] Countess was convicted in April 2004 and completed her state appeals in October 2005. Accordingly, the statute of limitations expired in October 2006, one year from the conclusion of her direct appeal. Therefore, she could not now file a timely habeas proceeding in any Virginia state court.

3

Countess' claims are procedurally defaulted.

## III.

For the reasons stated herein, the court grants respondent's motion to dismiss and dismisses Countess' § 2254 petition.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

**ENTER**: This *15th* day of May, 2007.

United States District Judge